UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK LEE BOYD, | ) |
|                 Petitioner, | ) |
| v. | ) No. 1:21-cv-01664-SEB-DML |
| TRICIA PRETORIUS, | ) |
|                 Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Derek Boyd filed a petition for a writ of habeas corpus challenging a Plainfield Correctional Facility disciplinary proceeding identified as IYC 21-01-0173. For the reasons explained in this Order, Mr. Boyd's habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

### I.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.    The Disciplinary Proceeding

On January 12, 2021, Officer P. Prulhiere issued a Conduct Report charging Mr. Boyd with a violation of Code A-111/113. Dkt. 9-1. The Conduct Report states:

> As a result of an investigation regarding the attempted trafficking of a suspected controlled substance using the legal mail system at Plainfield Correctional Facility (IYC), based on my, Investigator/Correctional Police Officer P. Prulhiere, training and experience, there is sufficient evidence to submit this charge on Offender Derek Boyd 273507. The attached report of investigation is supported by recorded GTL services to include the email messaging system and offender telephone system. The official Investigations and Intelligence case number is 20-IYC-0100. Aspects of this case are ongoing as of the date of this report and some items of information/evidence are considered confidential due to a criminal investigation. The attached report of investigation represents the culmination of physical evidence, offender interviews, chemical field testing, recorded phone calls and email messaging.

*Id*.[1] In the Conduct Report, Officer Prulhiere noted the physical evidence included the items listed in the Report of Investigation. Dkt 9-1. Those items included mail packages, a chemical field test which notes the package tested positive for opiate based chemicals, and confidential case file 20-IYC-0100. Dkt. 9-2.

On January 15, 2021, Mr. Boyd was notified of the charges and pleaded not guilty. Dkt. 9-5. He requested a copy of the laboratory/field test results. *Id.* A hearing was held on January 25, 2021. Dkt. 9-8. Mr. Boyd pleaded not guilty, indicated that he never signed or took possession of the mail, and noted the mail was opened outside of his presence. *Id*. The hearing report noted that the hearing officer reviewed staff reports, Mr. Boyd's statements, and the field test. *Id.* Based on this evidence, the hearing officer found Mr. Boyd guilty of violating Code A-111/113. *Id*. The

---

[1] The Court reviewed the Investigation Report, dkt, 9-2, and the video and audio records in this matter, dkt. 12. Officer Prulhiere's Conduct Report is an accurate summation of the report and recordings with irrelevant statements omitted. *Compare* dkt. 9-1 and 9-2 *with* dkt. 12.

sanctions imposed included a written reprimand, loss of 45 commissary days, deprivation of 180 days of earned credit time, and a one-level demotion in credit class. *Id.*

On January 27, 2021, Mr. Boyd filed an appeal. Dkt. 9-9. On March 17, 2021, the Facility Head denied the appeal. *Id.* Thereafter, Mr. Boyd filed an appeal with the Indiana Department of Correction ("IDOC"), and on April 21, 2021, learned that appeal was also denied. Dkt. 9-10. On June 11, 2021, after the denial of his appeals, Mr. Boyd filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Respondent has filed a return to the Order to Show Cause, dkt. 9, and Mr. Boyd filed a reply, dkt. 14.

### III.    Analysis

Mr. Boyd's petition raises three grounds for relief. Specifically, he alleges he was denied the right to access exculpatory evidence, denied the right to have a hearing before an impartial decisionmaker, and denied equal protection under the law. Dkt. 1.

### a. Exculpatory Evidence

Mr. Boyd alleges that he was denied due process because he was not provided with a copy of the field test results, which he argues is exculpatory. Dkt. 1.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (cleaned up). In the prison disciplinary context, "the purpose of [this] rule is to ensure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (cleaned up). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

The Court reviewed the results of the field tests and found they are not exculpatory. Dkt. 9-4. The results reveal that the envelope addressed to Mr. Boyd tested positive for opiates. *Id*. Moreover, Mr. Boyd was charged with offenses A-111 and A-113. *Id*. Code A-111 defines Conspiracy/Attempting/Aiding or Abetting as, "[a]ttempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense." Dkt. 9-11. Code A-113 defines trafficking as, "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." *Id.* The phone recording and email messaging, dkt. 12, are adequate indicators that the opiate laced envelopes, dkt. 9-4, are the "unauthorized physical objects", dkt. 9-11, needed to support the hearing officer's guilty determination, dkt. 9-8.

### b. Prison Policies

Mr. Boyd next alleges the hearing officer failed to follow several IDOC policies (i.e., the process for screening mail suspected of containing contraband and providing copies of field test results).[2] Dkt. 1. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to prison disciplinary proceeding because, "[i]nstead of addressing any potential

---

[2] Mr. Boyd also alleges he was denied an impartial decisionmaker. Dkt. 1. However, his argument is based on his belief the hearing officer failed to comply with IDOC policies. Since the allegations do not center on traditional forms of impartiality review (i.e., bias) the Court's analysis will focus on prison policies instead of the impartiality of the hearing officer.

constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

In this case, the mail Mr. Boyd wanted opened in his presence was intercepted because the mail screeners believed it to be tainted. Dkt. 9-2. Officer Prulhiere tested the mail, and it was positive for opiates. Dkt. 9-4. As a result, it was reasonable for the prison not to open the mail and process it in front of Mr. Boyd. *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) (holding that prison officials are not "required to allow the presentation of evidence that could threaten institutional safety or correctional goals").

c. **Equal Protection**

Mr. Boyd's final challenge centers on his argument that he was denied equal protection under the United States Constitution. Dkt. 1. Specifically, Mr. Boyd alleges that another inmate who was involved in the same incident was disciplined and received a rehearing with the charges ultimately being dismissed. Dkts. 1 and 14.

To pursue an equal protection claim, a person must allege that (1) they are a member of a protected class, (2) they were treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). In this case, Mr. Boyd did not state he was a member of a protected class. And while the confidential case file does mention this other inmate, dkt. 12, there are no documents suggesting that inmate was disciplined or identifies as a member

of an unprotected class. Mr. Boyd does not include in his petition, dkt. 1, or his reply, dkt. 14, any physical evidence to support his assertion that this other inmate was charged, disciplined, had a rehearing, and was subsequently acquitted of wrongdoing for the same incident. Finally, Mr. Boyd does not assert Respondent was motivated by a discriminatory purpose.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Boyd to the relief he seeks. Accordingly, Mr. Boyd's petition for a writ of habeas corpus must be **DENIED**. This action is **DISMISSED**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 4/25/2022

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEREK LEE BOYD
273507
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov